RADER, Circuit Judge,
dissenting.
In my view, the Board was well within its discretion to deny further discovery of Colonel Sauer’s emails. Several of these emails were already part of the record. Also, Colonel Sauer testified before the administrative judge. With the record already replete with the views of Colonel Sauer, it is difficult to envision what Ms. Baird hoped to uncover from another avalanche of email discovery. Every trial or hearing requires a deciding official to draw lines and make evidentiary judgments. Otherwise every case could stretch on indefinitely.
In this instance, the administrative judge, for good reason, refused to revisit his rulings on discovery in the midst of a hearing that already featured Colonel Sauer’s testimony and availability for examination and cross-examination. During this hearing, the administrative judge declined to reopen discovery to more of Colonel Sauer’s emails to Ms. Baird. If this case presents an abuse of discretion, then nearly every judge in the country abuses his or her discretion in every trial and proceeding. The deciding official, on the spot, simply has the best perspective for setting reasonable limits on the potential for limitless discovery, limitless lines of questioning, and limitless inquiries prompted by present discoveries, questionings, and inquiries. This court on appeal usurps that role by calling this routine evidentiary call an “abuse of discretion.”
Moreover, this court should not unnecessarily interfere with the federal government’s purview to implement and enforce zero-tolerance policies for illegal drug use with respect to federal employees. The record shows that Ms. Baird had marijuana metabolites in her system while working as a psychiatric nursing assistant for the United States Army. The record also shows that Ms. Baird had notice that she could be subject to random drug tests. Removal thus seems a highly appropriate remedy. As Mr. Mackey from South Park *1353 would say, “drugs are bad, mmmkay? By labeling this routine evidentiary call as an abuse of discretion, this court will serve only to force Ms. Baird and the government to expend further resources on remand to reach the same result. For these reasons, I respectfully dissent.